VIRENDRA R. K. AND KATHRINE TEWARI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tewari v. Commissioner
Docket No. 623-84.
United States Tax Court
T.C. Memo 1986-194; 1986 Tax Ct. Memo LEXIS 410; 51 T.C.M. (CCH) 1009; T.C.M. (RIA) 86194; May 15, 1986. *410 Held: (1) Absent election, Ps not entitled to NOL carryover where carryback would have absorbed NOL; and (2) sales tax paid on refrigerator could not be added to sales tax table amount to determine State sales tax deduction. Virendra R. K. and Kathrine Tewari, pro se. Val Albright, for the respondent. *411 SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioners' Federal income taxes of $1,256.00 for 1980 and $1,682.00 for 1981. The issues for decision are: (1) Whether the petitioners are entitled to a carryover of net operating losses incurred in 1976 and 1977 to 1980 and 1981; and (2) whether the petitioners are entitled to claim a deduction for sales tax paid on the purchase of a refrigerator when they used the sales tax table to determine the amount of such deduction for all other items purchased. All of the facts have been stipulated, and those facts are so found. The petitioners, Virendra R. K. and Kathrine Tewari, husband and wife, maintained their residence in Dallas, Tex., at the time they filed their petition in this case. Mr. Tewari, who will sometimes be referred to as the petitioner, filed individual Federal income tax returns for 1976 and 1977 on November 15, 1979, with the Internal Revenue Service Center, Ogden, Utah. On such returns, he reported not operating losses of $26,802 for 1976 and $6,714 for 1977. On February 27, 1980, he filed two applications for tentative refund to carry back such *412 losses to 1973, 1974, and 1975. By letters dated April 4, 1980, such applications were disallowed. Both letters suggested the filing of an amended return to carryback such losses. If properly claimed, such losses would have been absorbed by the carryback.There is no evidence that he took any further action with respect to such carryback. The petitioners timely filed a joint return for 1980 in which they reported a net operating loss carryover from 1976 and 1977 of $9,697. Also, in addition to the amount allowed in the sales tax table, they deducted $35 for sales tax on the purchase of a refrigerator. A joint return for 1981 was timely filed, and a carryover of $8,670 was reported. The Commissioner, in his notice of deficiency disallowed such carryovers and the $35 sales tax deduction. Additionally, he made adjustments for 1980, which are not challenged. The first issue to be decided is whether the petitioners are entitled to carryover not operating losses incurred in 1976 and 1977 to 1980 and 1981. The petitioners bear the burden of proving that the Commissioner's determinations *413 in the notice of deficiency are incorrect. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). Specifically, the petitioners must show that the amounts claimed by them to be deductible satisfy the requirements of the appropriate statutory provisions. Deputy v. duPont,308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Section 172 provides for the allowance of a deduction for a taxable year of an amount equal to the aggregate of the net operating loss carryover to such year plus the net operating loss carryback to such year. Such section provides, insofar as it is applicable to this case, that a net operating loss shall be first carried back to each of the 3 years preceding such occurrence, and if not absorbed by such carryback, the remaining portion may be carried over to each of the succeeding 15 taxable years. Section 6411 establishes procedures whereby taxpayers can file applications and secure tentative refunds resulting from carrybacks of net operating *414 losses. The petitioner filed such applications, but such applications were not filed within the required time--1 year after the loss. Consequently, he lost his right to secure a tentative refund by reason of the carrybacks to 1973, 1974, and 1975. However, the Commissioner advised him to file amended returns while the statute of limitations was still open for doing so, but there is no evidence that he ever filed any such amended returns. Under section 172(b)(3)(C), a taxpayer who is entitled to a net operating loss carryback may elect not to claim a carryback. Such election shall be made by the due date, including extensions of time, for filing the taxpayer's return for the taxable year of the net operating loss for which the election is to be in effect. If the election is not made, a carryover is allowable only to the extent that the loss exceeds the taxable income for the years of a carryback, regardless of whether a carryback was in fact claimed. Sec. 172(b)(2); sec. 1.172-4(b)(1), Income Tax Regs.
There is no evidence that the petitioner filed such an *415 election. In addition, it was agreed that, if properly claimed, the net operating losses would have been entirely absorbed during the carryback period. Therefore, we must conclude that the petitioners are not entitled to any carryover for 1980 and 1981. The final issue to be decided is whether the petitioners are entitled to claim a deduction for sales tax paid on the purchase of a refrigerator when they used the sales tax table to determine the amount of such deduction for all other items purchased by them. Section 164 allows a deduction for State and local general sales taxes. Instead of deducting the actual tax paid, the taxpayer may use the sales tax table published by the Commissioner in determining the amount of such deduction. The only sales taxes that may be added to the amounts allowable in the tax table are those paid when purchasing extraordinary items, such as a car or motor home. [1]
*416 The petitioners elected to use the Commissioner's table, and they have presented no evidence to establish that the refrigerator is an extraordinary item. Therefore, the Commissioner's determination is sustained. Decision will be entered for the respondent.
Footnotes
1. See Groff v. Commissioner,T.C. Memo. 1984-252; Meyen v. Commissioner,T.C. Memo. 1982-536; Henson v. Commissioner,T.C. Memo. 1979-110↩.